# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ROCK HILL DIVISION

| | |
|---|---|
| Derek Burkes, | ) |
|                Petitioner, | ) |
| | ) Civil Action No. 0:21-cv-2054-TMC |
| v. | ) |
| | ) **ORDER** |
| Bryan K. Dobbs, *Warden*, | ) |
| | ) |
|                Respondent. | ) |
| | ) |

Petitioner Derek Burkes, a federal prisoner, filed this action *pro se* seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1). In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2), D.S.C., this matter was referred to a magistrate judge for all pretrial proceedings. Now before the court is the magistrate judge's Report and Recommendation ("Report") recommending that this court dismiss Petitioner's § 2241 petition without prejudice and without requiring the Respondent to file a return. (ECF No. 8). Petitioner filed objections to the Report, (ECF No. 11), and the matter is now ripe for review.

## I. Background

### A. Procedural History in the District of Southern Florida

On November 20, 2017, Petitioner pled guilty in the United States District Court for the Southern District of Florida to possession of a stolen firearm in violation of 18 U.S.C. § 922(j). *See United States v. Burkes*, No. 17-cr-20564-ALTONAGA, Dkt. Nos. 61; 81 (S.D. Fla. Nov. 20, 2017). On April 3, 2018, Petitioner was sentenced to a term of imprisonment of 120 months, to be served concurrently with state terms of imprisonment. *Id*., Dkt. No. 81 at 2. Petitioner subsequently

filed a notice of appeal, *id.*, Dkt. No. 82, which was dismissed by the Eleventh Circuit Court of Appeals on May 21, 2018, , *id.*, Dkt. No. 86.

On September 4, 2018, Petitioner filed a motion for relief under 28 U.S.C. § 2255. *Id.*, Dkt. No. 95. On November 20, 2018, the district court entered an order denying Petitioner's § 2255 motion and declining to issue a certificate of appealability. *Id.*, Dkt. No. 96. In December 2018, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, Plaintiff filed a motion for relief from the November 20, 2018 order denying his § 2255 motion. *See Burkes v. United States*, No. 1:18-cv-23609-CMA, Dkt. No. 12 (S.D. Fla. Dec. 12, 2018). On December 12, 2018, the district court denied the motion, concluding that the Rule 60(b) motion amounted to a successive § 2255 motion. *Id.*, Dkt. No. 13. On appeal, the Eleventh Circuit agreed that the Rule 60(b) motion was nothing more than an attempt to file a successive § 2255 motion and denied relief. *See Burkes v. United States*, 790 Fed. App'x 201, 202 (11th Cir. 2020).

On September 29, 2020, Plaintiff filed another Rule 60(b) motion for relief from judgment, *United States v. Burkes*, No. 17-cr-20564-ALTONAGA, Dkt. No. 106, once again challenging the November 20, 2018 order which the Eleventh Circuit affirmed. The district court concluded that Plaintiff's "Second Rule 60(b) Motion amounts to a request the Court consider a successive section 2255 motion" over which it lacked jurisdiction because Plaintiff had not obtained permission from Eleventh Circuit to file it. *Id.*, Dkt. No. 109 at 4. Therefore, the district court denied Plaintiff's second Rule 60(b) motion. *Id*. Plaintiff then filed a motion for reconsideration, *id.*, Dkt. No. 110, which the district court denied, *id.*, Dkt. No. 112.

Finally, in March 2021, Petitioner filed a motion to dismiss the underlying indictment for lack of jurisdiction, *id.*, Dkt. No. 116, which the district court denied, *id.*, Dkt. No. 117. Petitioner

filed an appeal, *id*., Dkt. No. 118, which the Eleventh Circuit dismissed for failure to prosecute, *id*., Dkt. No. 123.

## B. Instant § 2241 Petition

Petitioner is now housed in a federal facility located in Salters, South Carolina, and, on July 12, 2021, filed this action seeking habeas relief pursuant to § 2241. (ECF No. 1). Petitioner argues that the District Court for the Southern District of Florida lacked jurisdiction to adjudicate him guilty or impose sentence because he lacked the predicate prior conviction *required by 18 U.S.C. § 922(g)(1)*. *Id*. at 6. Further, because he believes he lacked a predicate offense required for a conviction under § 922(g)(1), Petitioner argues he is actually innocent of the crime of conviction and should be released immediately. *Id*. Petitioner contends that the savings clause contained in § 2255(e) permits him to present this claim via a § 2241 petition because *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (*en banc*), the case upon which he relies, announced a new substantive rule that is retroactively applicable on collateral review. (ECF No. 1-1 at 2–3).

## II. Legal Standards

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). Nevertheless, "[t]he district court is only required to review de novo those portions of the report to which specific objections have been made, and need not conduct de novo review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. April 26, 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)). The court may accept, reject, or modify, in whole or in part, the recommendation made by

3

the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, in the absence of specific objections to the Report, this Court is not required to give any explanation for adopting the recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Since Petitioner filed his petition *pro se*, this court is charged with construing the petition liberally in order to allow for the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal citations omitted); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). However, this does not mean that the court can ignore the failure to allege facts that set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

### III. Analysis

As the magistrate judge correctly explained in the Report, Petitioner cannot challenge his conviction or sentence under § 2241 unless he can satisfy the "savings clause" of § 2255, which requires him to demonstrate that the relief available under § 2255 is "inadequate or ineffective to test the legality of his detention." (ECF No. 8 at 3 (citing 28 U.S.C. § 2255(e))). Because the savings clause is a "jurisdictional provision," this court is without jurisdiction to rule on a § 2241 petition if such a showing is not made. *See United States v. Wheeler*, 886 F.3d 415, 423 (4th Cir. 2018); *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (holding that district courts must dismiss § 2241 habeas petitions that do not fall within the savings clause for lack of jurisdiction). As the magistrate judge recognized, it is well-settled in this circuit that, in order to demonstrate that a § 2255 motion is inadequate or ineffective to test the legality of a conviction, a petitioner must establish the following:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2)

> subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

(ECF No. 8 at 3 (quoting *In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000))).

The magistrate judge concluded that Petitioner "fails to show that he can meet the savings clause" because he relies on *Simmons*, a Fourth Circuit case that predated his guilty plea, "to show a change in the law that makes his conviction unlawful." *Id*. at 3–4. The magistrate judge noted that, "in deciding whether the substantive law changed after the petitioner's conviction, the court must look to the law of the circuit where the petitioner was convicted," and concluded that *Simmons* could not change the law in the Eleventh Circuit, Petitioner's circuit of conviction. *Id*. at 4 (quoting *Hahn v. Moseley*, 931 F.3d 295, 301 (4th Cir. 2019)). Therefore, the magistrate judge concluded that Petitioner failed to satisfy the requirements of the savings clause because *Simmons* both predated the guilty plea and did not change the law of his circuit of conviction. *Id*. As a result, the magistrate judge determined that the court lacks jurisdiction over the Petition and recommended that the court dismiss it without prejudice and without requiring the Respondent to file a return. *Id*.

In his objections, (ECF No. 11 at 1–5), Petitioner argues that the Report fails to discuss *Carachuri-Rosendo v. Holder*, 560 U.S. 563 (2010), which was discussed at length in *Simmons*. *See* 649 F.3d 237, 243–50. Petitioner contends that *Carachuri* makes clear that he "doesn't have the requisite prior felony conviction(s) [required to sustain] the § 922(g)(1) conviction[.]" (ECF No. 11 at 2). However, reliance on *Carachuri* affords Petitioner no basis for satisfying the savings clause, which requires Petitioner to show, among other things, that "*subsequent* to the prisoner's direct appeal and first § 2255 motion, the substantive law *changed* such that the conduct of which the prisoner was convicted is deemed not to be criminal." *In re Jones*, 226 F.3d at 333–34

5

(emphasis added). Neither *Simmons* nor *Carachuri* were issued subsequent to Petitioner's direct appeal (April 2018) or first § 2255 motion (September 2018); in fact, both opinions were issued years before Petitioner was first indicted for the offense in question. Furthermore, *Carachuri* would not have changed the law in the Eleventh Circuit regarding § 922(j) offenses as the elements of a possession of a stolen firearm pursuant to § 922(j) do not include a predicate prior felony offense. *See United States v. Underwood*, No. 5:14-cr-35/MW/EMT, 2020 WL 4587036, at *10 (N.D. Fla. Apr. 10, 2020), *report & recommendation adopted by* No. 5:14-cr-35-MW/EMT, 2020 WL 4586872 (N.D. Fla. Aug. 10, 2020) (noting that "§ 922(j) does not require proof that a defendant was previously convicted of a felony"). In both the Petition and his objections, Petitioner misconstrues his offense of conviction—possession of a stolen firearm in violation of § 922(j)—as possession of a firearm by a convicted felon in violation of § 922(g)(1).[1] Petitioner's objections to the Report, therefore, are overruled and provide the court no reason to deviate from the magistrate judge's recommended disposition.

Several months after filing his objections, Petitioner apparently recognized that his § 2241 Petition mistakenly sought relief from a § 922(g)(1) offense rather than his § 922(j) conviction and filed a motion to add supplemental grounds for relief under § 2241. (ECF No. 14). Petitioner's attempt to add new grounds for relief is untimely and he offers no reason for not presenting such grounds to the magistrate judge in the first instance. Furthermore, even if the court were to consider these supplemental grounds, Petitioner would be entitled to no relief. Although Petitioner's motion for leave to file supplemental grounds, unlike his original § 2241 Petition, correctly states that he pled guilty to possession of a stolen firearm in violation of § 922(j), *id*. at 1–2, he spends the

---

[1] Petitioner's original indictment charged him with being a felon in possession of a firearm in violation of § 922(g)(1). *See* 17-cr-20564-ALTONAGA, Dkt. No. 1 (S.D. Fla. August 8, 2017). On November 17, 2017, however, the Government filed a one-count superseding indictment charging Petitioner with possession of a stolen firearm in violation of § 922(j), *id*., Dkt. No. 59, to which he pled guilty, *id*., Dkt. Nos. 61, 81.

majority of his brief addressing § 922(g)(1) offenses, arguing that his conduct was no longer illegal in light of *Rehaif v. United States*, 139 S. Ct. 2191 (2019), because he "never served a completed sentence as proscribed by federal law exceeding one year." *Id*. at 4; *see also id*. at 2–6.

As to his actual conviction under § 922(j), Petitioner essentially argues that he did not understand the nature of the charges against him when pleading guilty, and that he did not know that the firearm was stolen or that it had traveled in interstate commerce. *Id*. at 7–8. Petitioner also asserts that he was misinformed and did not realize that "a conviction under § 922(j) is subject to enhancing a defendant's sentence under [U.S.S.G.] 2K2.1(b)(4)(A)." *Id*. at 8. Petitioner states that had he understood the true nature of his charged offenses or the possible sentencing enhancements he faced, he would not have pled guilty. *Id*. Petitioner fails to explain, however, how the substantive law in the Eleventh Circuit changed subsequent to his direct appeal and first § 2255 motion such that the conduct underlying his guilty plea would be deemed not to be criminal. Therefore, even considering his untimely supplemental grounds for relief, the court concludes that Petitioner fails to satisfy the savings clause of § 2255(e). Petitioner's motion for leave to file supplemental grounds (ECF No. 14) is, therefore, **DENIED**.

### IV. Conclusion

Having thoroughly reviewed the record and the Report, the court finds no reason to depart from the Report's recommendation and, therefore, **ADOPTS** the Report of the magistrate judge (ECF No. 8) and incorporates it herein. Accordingly, the Petition is hereby **DISMISSED** without prejudice and without requiring Respondent to file a return. Additionally, as previously stated, Petitioner's motion for leave to file supplemental grounds (ECF No. 14) is **DENIED**. All other pending motions (ECF Nos. 16; 18) are **DENIED** as **MOOT**.

Additionally, a certificate of appealability will not issue to a prisoner seeking habeas relief absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the court finds that Petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

June 22, 2022                                                                                          /s Timothy M. Cain
Anderson, South Carolina